PARDON P. CASE *et al. vs.* EDWARD F. MASON *et al.*

In Pub. Stat. R. I. cap. 237, § 3, Of the removal of assignees, the words "for cause shown," in the first clause, are confined to neglect in filing an inventory and schedule.

The court will not peremptorily remove an assignee for neglecting to file an inventory and schedule, as required by Pub. Stat. R. I. 237, § 11, when the neglect is unintentional or seems to have good excuse.

PETITION for the removal of the respondents as assignees under a deed of assignment for the benefit of creditors.

The Public Statutes of Rhode Island, cap. 237, §§ 3, 11, provide: —

"SECT. 3. The Supreme Court shall, upon the petition of any creditor interested in any deed of assignment made by a debtor for the benefit of creditors, upon due notice and for cause shown, remove any assignee named in such deed of assignment who shall neglect to render an inventory and schedule as required by this chapter, or shall neglect to give a bond as required by said court, and may, upon the petition of a majority in interest of the creditors interested in any such deed of assignment, upon due notice and for cause shown, remove the assignee named therein from his office and trust.

"SECT. 11. The assignee named in any deed of assignment made by a debtor for the benefit of creditors shall, within two months after the time of accepting the trusts created by said deed, render on oath to said court an inventory of all the effects, estates, and credits conveyed by said deed, and a schedule of the liabilities and creditors of said debtor, so far as the same can be ascertained, and file said inventory and schedule, together with a copy of such deed, in the office of the clerk of said court in the county where said debtor resides or has his principal place of business."

*June* 13, 1885. PER CURIAM. In the above entitled cause it appears that the assignees sent to the creditors individually a statement of the assets and liabilities which they might well suppose would be satisfactory to the creditors, and which appears to have been satisfactory to a large majority of them. The assignees might, therefore, assume that the creditors would not insist upon the inventory and schedule required by Pub. Stat. R. I. cap. 237, § 11. The neglect to comply with that section is not necessarily

and absolutely a ground of removal of an assignee, as we infer from the language of Pub. Stat. R. I. cap. 237, § 3, which provides that the court shall remove the assignee in such case "upon due notice and for cause shown," and which, we think, leaves it in the discretion of the court to allow the assignee to remain, if his default was unintentional or there was good excuse for it. We think that under the circumstances there was an excuse for the assignees in the present case, and we will not remove them, on condition that they file an inventory and schedule on or before Tuesday, June 23, 1885.

We are of the opinion that, under the first clause of Pub. Stat. R. I. cap. 237, § 3, the assignee cannot be removed for any other cause than a neglect to render an inventory and schedule, the words " for cause shown " meaning a cause connected with such neglect.                                                                *Order accordingly.*

*Colwell & Barney,* for petitioners.

*James Tillinghast & James M. Morton,* for respondents.